UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASIM AZIZI,

                    Plaintiff,

    v.

BATCHILLY, *et al.*,

                  Defendants.

Case No. C26-93-JNW-MLP

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Wasim Azizi brings this civil rights action under 42 U.S.C. § 1983 alleging Defendant Batchilly punched him and Defendant Jeffries ignored his requests for medical help. (Dkt. # 7.) Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. The present matter comes before the Court on Plaintiff's motion for appointment of counsel. (Dkt. # 12.) After careful consideration of the motion, the governing law, and the balance of the record, the Court finds that Plaintiff has not made the showing required to justify appointment of counsel. Plaintiff's motion for appointment of counsel (dkt. # 12) therefore is DENIED.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, this Court has the

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 1

discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (first alteration in original). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

At this early stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits. The Court is fully aware of the seriousness of Plaintiff's allegations that he was assaulted and denied care, however, in the absence of more evidence to support his claim, it is unclear whether Plaintiff is likely to prevail on the merits. Plaintiff has also made it clear that he is fully capable of articulating his position. The claims in Plaintiff's amended complaint (dkt. # 7) are not factually or legally complex and have been presented in a manner demonstrating an adequate ability to articulate his claims *pro se*. In summary, Plaintiff has not shown exceptional circumstances exist to appoint counsel.

Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The Clerk is directed to send a copy of this Order to the parties and to the Honorable Jamal N. Whitehead.

Dated this 30th day of March, 2026.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2