UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASIM AZIZI,

               Plaintiff,

    v.

BATCHILLY, *et al.*,

               Defendants.

Case No. C26-93-JNW-MLP

REPORT AND RECOMMENDATION

Plaintiff Wasim Azizi is currently confined at the King County Jail in Seattle, Washington. He brings this civil rights action under 42 U.S.C. § 1983 against King County Correctional Officers S. Batchilly and Jeffries (together, "Defendants"). Plaintiff alleges Officer Batchilly punched him and Officer Jeffries ignored his requests for medical help. (Dkt. # 7.)

Plaintiff has filed a Request for Order to be Pro Se, requesting either a "court order" or a "paper from court clerk" stating he is "approved pro se." (Dkt. # 24 at 1.) A pro se litigant is one who "represents oneself in a court proceeding without the assistance of a lawyer[.]" LITIGANT, Black's Law Dictionary (12th ed. 2024). Pro se status does not require approval from the Court or the Clerk, and the docket in this action clearly states that Plaintiff is representing himself pro se. Accordingly, Plaintiff's requested relief is unnecessary.

REPORT AND RECOMMENDATION - 1

Plaintiff has also filed two Motions for Preliminary Injunction ("Motions") wherein he asserts that he was moved into restrictive housing without commissary privileges, allegedly in retaliation for filing the instant action, and requests that the Court issue a preliminary injunction restoring his former housing situation. (Dkt. ## 15, 18.) Defendants filed an opposition to the Motions (dkt. # 21), and Plaintiff filed a reply (dkt. # 26). As Defendants note, Plaintiff's Motions allege actions by several officers, named and unnamed, who are not parties to this action. (*See* dkt. # 21 at 1, 4.)

"When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Plaintiff's amended complaint contains no allegations related to being moved to restrictive housing or commissary privileges and no claims against any officers other than Defendants. (*See* dkt. # 7.) Accordingly, the Court does not have the authority to impose the requested injunctive relief. *See Pac. Radiation Oncology*, 810 F.3d at 636 (affirming denial where "the motion for relief was unrelated to the underlying complaint.").

For the foregoing reasons, this Court DENIES Plaintiff's motion for pro se status (dkt. # 24). The Clerk is directed to send Plaintiff a copy of the docket in this action. In addition, this Court recommends Plaintiff's motions for preliminary injunction (dkt. ## 15, 18) be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

REPORT AND RECOMMENDATION - 2

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 13, 2026**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Jamal N. Whitehead.

Dated this 22nd day of April, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3