UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| WASIM AZIZI, | | Case No. C26-93-JNW-MLP |
| | Plaintiff, | |
| v. | | ORDER |
| BATCHILLY, *et al.*, | | |
| | Defendants. | |

This matter is before the Court on Plaintiff Wasim Azizi's Renewed Motion for Appointment of Counsel. (Dkt. # 28.) Plaintiff asserts he is unable to afford counsel, his imprisonment hampers his ability to pursue this litigation because Defendants object or respond incorrectly to requests, and counsel would be helpful at trial. (*Id.* at 1.) Defendants did not file an opposition to the Motion.

As the Court explained when denying Plaintiff's first motion for appointment of counsel, a showing of "exceptional circumstances" is required. (Dkt. # 19 at 2 (citing *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).) "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the [plaintiff] to

ORDER - 1

articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (first alteration in original) (citation and internal quotation marks omitted). The Court noted in its prior Order that it was unable to determine Plaintiff's likelihood of success on the merits at that early stage of the litigation, and there has been no further development of the record. (Dkt. # 19 at 2.) The Court also noted that Plaintiff's claims were not factually or legally complex and he had demonstrated an adequate ability to articulate them, both of which also remain true. (*Id.*) In summary, Plaintiff has not shown that exceptional circumstances exist to appoint counsel. Plaintiff contends that "[a] trial in this case will likely involve conflicting testimony and . . . counsel would better enable Plaintiff to present evidence and cross examine witnesses." (Dkt. # 28 at 1.) At this time, however, no trial is scheduled. Discovery concludes on June 26, 2026, and dispositive motions are due by July 27, 2026. (Dkt. # 20.) On further development of the record, such as if Plaintiff's claims survive a dispositive motion, Plaintiff may renew his request for counsel.

For the foregoing reasons, the Court DENIES Plaintiff's Renewed Motion for Appointment of Counsel (dkt. # 28) without prejudice to renewing the motion after further development of the record. The Clerk is directed to send copies of this order to the parties and to the Honorable Jamal N. Whitehead.

Dated this 4th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2